UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RAHEEM GREAVES,

                           Plaintiff,

                   -against-

THE CITY OF NEW YORK; Police Officer LUCIOUS B. JOHNSON, Shield No. 4049; Undercover Police Officer, Shield No. C-0127; Undercover Police Officer, Shield No. C-0111; Sergeant DENESOPOLIS; Detective ROSARIO; Detective DONOHUE; Detective GORDON; Police Officer SIMMONDS; Detective MORALES; Police Officer CIVIL; and Police Officers JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------ x

**AMENDED COMPLAINT**

12 Civ. 4867 (KAM)(RLM)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Raheem Greaves ("plaintiff" or "Mr. Greaves") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Officer Lucious B. Johnson, Shield No. 4049 ("Johnson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Johnson is sued in his individual and official capacity.

10. Defendant Undercover Officer # C-0127 ("UC C-0127") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the real name or shield number of UC C-0127. UC C-0127 is sued in his or her individual and official capacities.

11. Defendant Undercover Officer # C-0111 ("UC C-0111") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the real name or shield number of UC C-0111. UC C-0111 is sued in his or her individual and official capacities.

12. Defendant Sergeant Denesopolis ("Denesopolis") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the full name or shield number of Denesopolis. Denesopolis is sued in his individual and official capacities.

13. Defendant Detective Rosario ("Rosario") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the full name or shield number of Rosario. Rosario is sued in his individual and official capacities.

14. Defendant Detective Donohue ("Donohue") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the full

name or shield number of Donohue. Donohue is sued in his individual and official capacities.

15. Defendant Detective Gordon ("Gordon") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the full name or shield number of Gordon. Gordon is sued in his individual and official capacities.

16. Defendant Police Officer Simmonds ("Simmonds") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the full name or shield number of Simmonds. Simmonds is sued in his individual and official capacities.

17. Defendant Detective Morales ("Morales") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the full name or shield number of Morales. Morales is sued in his individual and official capacities.

18. Defendant Police Officer Civil ("Civil") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the full name or shield number of Civil. Civil is sued in his individual and official capacities.

19. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

20. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

21. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

22. At approximately 5:30 p.m. on November 2, 2011, plaintiff was lawfully in the area of Wooodruff and Flatbush Avenue in Brooklyn, New York.

23. Plaintiff, who was waiting for his girlfriend outside of her aunt's apartment, was suddenly and without probable cause, approached and arrested by defendants.

24. Plaintiff was taken to a police van where officers falsely accused him of selling crack cocaine.

25. Plaintiff was suddenly removed from the van and officers performed a body cavity search in the street.

26. During this unlawful and public anal-cavity search, one of the officers caused injury to plaintiff's anus.

5

27. Plaintiff was taken to a precinct.

28. At the precinct, plaintiff was subjected to a second strip-search.

29. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of a controlled substance and engaged in the sale of a controlled substance.

30. At no point did the officers observe plaintiff in possession of a controlled substance or engage in the sale of a controlled substance.

31. Plaintiff was taken to Brooklyn Central Booking.

32. On November 3, 2011, after spending approximately 24 hours in custody, plaintiff was arraigned in Kings County Criminal Court and released on his own recognizance.

33. Upon his release, plaintiff went to SUNY Downstate Medical Center at LICH for treatment for his injuries, including anal pain and bleeding.

34. On or about May 25, 2012, all charges against plaintiff were dismissed in their entirety.

35. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

36. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

37. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

38. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### Unlawful Stop and Search

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### SECOND CLAIM
### False Arrest

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

48. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### State Law Malicious Prosecution

49.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.     By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

51.     Defendants maliciously commenced criminal proceeding against plaintiff, charging him with criminal sale of a controlled substance and criminal possession of a controlled substance. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

52.     The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

53.     All charges were terminated in plaintiff's favor.

54.     Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

55.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The individual defendants created false evidence against plaintiff.

58. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

59. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

60. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Unreasonable Force

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

63. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
### Failure To Intervene

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

66. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

67. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:	April 5, 2013
	New York, New York


	HARVIS WRIGHT
	SALEEM & FETT LLP


	_____
	Afsaan Saleem
	305 Broadway, 14th Floor
	New York, New York 10007
	(212) 323-6880
	asaleem@hwsflegal.com

	*Attorney for plaintiff*